JEANNETTE SMITH, Appellant, *against* ALBERT H. WHEELER, Respondent.

(Decided December 2d, 1878.)

A monthly tenant had ceased to occupy the premises, but retained the key. The landlord insisted upon his right to go into the premises, but the tenant declared that if he had to pay the rent he would keep them locked up to the end of the month. The landlord procured a tenant, with the understanding that he should have the premises, notwithstanding the lease to the existing tenant, and sent a char-woman to the apartments by means of another key which he had to prepare them for the incoming tenant ; the intention of the landlord being to allow the new tenant to take possession before the expiration of the month, and, at the same time, hold the existing tenant to the payment of the rent for that month. The existing tenant, when he found the char-woman working in the house, turned her out and took the keys, whereupon the incoming tenant applied to him for the keys, and he agreed that he might have them if he could obtain the landlord's consent, upon which the incoming tenant procured a written order from the landlord's agent to the existing tenant to deliver the keys to the incoming tenant, and the latter went into possession with the landlord's acquiescence *Held*, that this amounted to a surrender of the premises before the expiration of the term, by the mutual acts of the landlord and the existing tenant, and discharged the latter from the payment of rent for that month.

APPEAL by the plaintiff from a judgment in favor of defendant, rendered in the District Court of the city of New York for the Ninth Judicial District.

The action was brought to recover $62 50, rent of certain premises for the month of April, 1877. It appeared on the trial that defendant hired the premises of plaintiff for one year, ending May 1st, 1877, at the monthly rent of $62 50, payable at the end of each month, and that the rent for the month of April was not paid. The question litigated was, whether or not plaintiff had accepted a surrender of the premises in that month, and the evidence held to prove such surrender is stated in the opinion.

*Hall & Blandy*, for appellant.

*William J. A. McGrath*, for respondent.

CHARLES P. DALY, Chief Justice.—The evidence in this case fully sustains the judgment. It shows very plainly, although the plaintiff was the owner of the house, and formally signed the lease, that everything respecting the use and letting of it was left by her to her husband ; that she had evidently given him authority to do whatever she might do herself respecting it. The defendant had an auction upon the premises, about the 19th of April, and after the. auction ceased to occupy, leaving the key of the house with one Simpson. Smith demanded the rent for the month of April, and the defendant refused to pay it, as it was not due until the first of May. The defendant also claimed to have something allowed to him, either by the incoming tenant or by the landlord, for putting in weather-strips, and offered to pay $50 for that month, which would be deducting $12 50 for the weather-strips, but Smith declined to accept it. The defendant then declared that he would take away the weather-strips ; and Smith threatened, if he did so, that he would have him arrested. Smith employed one Brown, a real estate agent, to procure a tenant for the premises for the following year, and Brown procured the witness Pope, who, as an inducement to hire the house for a year from the first of May, was given to understand, at interviews had personally with Brown and Smith, that he would be allowed to take possession before the first of May. He swore expressly that he went in under a contract and understanding with both *Smith* and Brown personally, which was a separate and independent thing, and, as he expressed it, " outside of the lease." It further appeared that Smith insisted upon his right to go into the premises about the 24th of April ; that he went to Simpson, with whom the defendant had left the keys, to obtain them, and upon being informed that the keys had been given to a girl or some one to go into the house, and that the defendant had taken them away from this girl, Smith said that defendant had no right to them ; that he did not pay his rent, and that he, Smith, would get into the house before morning, if he had to break the door in ; and it appeared by his own admission that

he did get into the house by going in through the window. The woman referred to was a char-woman, employed by Pope, who went there to scrub the floors; and it appeared that to enable her to get in, Mrs. Smith, the plaintiff, loaned the woman a key, thus directly participating in the act of taking possession for the incoming tenant, Pope. The intention, on her part and that of her husband and agent, and of the agent he employed, Brown, was clearly that Pope should get in before the first of May, in pursuance of the understanding between Pope, Smith and Brown. What Smith evidently wanted to do, was to get Pope in possession before the first of May, and at the same time hold the defendant answerable for the rent for the month of April, and which the defendant meant should not be accomplished, declaring that if he had to pay the rent for the month of April he would keep possession, as he was entitled to do, until the first of May; and, therefore, when he found Pope's charwoman at work in the house he turned her out and took the keys. Pope then applied to him for the keys, and the plaintiff gave them to him conditionally, that is, upon his obtaining the landlord's consent. Pope then procured a written order from Brown, the agent, to the defendant, to deliver the keys to Pope, which he delivered to the defendant, and then, with the defendant's acquiescence, Pope moved into the house.

The justice believed that the written order given by Brown was with the full knowledge and concurrence of the plaintiff and her husband; and he was, in my opinion, fully justified, upon the evidence, in assuming this to have been the fact, as both the plaintiff and her husband had previously attempted to put Pope in possession, in pursuance of the contract made with him, without even the defendant's concurrence. When the defendant, therefore, required an order for the delivery of the keys to Pope, and received it, followed as it was by Pope's immediately taking possession, it operated as a surrender of the premises before the expiration of the term by the mutual acts of the landlord and the defendant, and discharged the defendant from the payment of

rent for the month of April. It put an end to the lease, and to all obligations and covenants under it, on the part either of the defendant or the plaintiff, on the 26th of April, when Pope, by their mutual agreement, entered into and took possession of the premises. The judgment was therefore right, and should be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.